SANDRA R. BROWN
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ANDREW T. PRIBE
Assistant United States Attorney
California Bar Number 254904
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-6551
     Facsimile: (213) 894-0115
     E-mail: andrew.t.pribe@usdoj.gov
Attorneys for United States of America

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br><br>MATTHEW BAGDASARIAN,<br><br>            Defendant. | Case No. 2:17-cv-06008<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF; EXHIBITS (REDACTED FOR PERSONAL INFORMATION) |

# PETITION

Petitioner states:

1.    This proceeding to judicially enforce an Internal Revenue Service administrative summons, is brought pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C.  The IRS has properly served Respondent with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2.    Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3.    The Internal Revenue Service is, and at all relevant times was, investigating the collectability a federal tax liability due and owing by Respondent for the period and year described on the summons.  A true and correct copy of the summons, as attested by the IRS Revenue Officer, is attached as Exhibit 1 to the attached Declaration of Revenue Officer Betty Huerta (hereinafter "R.O. Huerta").

4.    In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service by R.O. Huerta.  A true and correct copy of the Certificate of Service is attached as Exhibit 2 to the attached Declarations of R.O. Huerta.

5.    Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

6.    The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

7.    All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

8.    The testimony and the books, records, papers, and other data sought by the summons may be relevant to the determination of the collectability of the taxpayer's outstanding, assessed federal tax liability.

1

9.      No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer for the tax periods under investigation.

WHEREFORE, Petitioner requests the Court to enforce the IRS administrative summons as follows:

A.      Respondent be ordered to appear and show cause before this Court why Respondent should not be compelled to give testimony and to produce the books, records, papers, and other data as specified in the summons;

B.      Respondent be ordered by this Court to appear before an authorized representative of the IRS at a time and place to be determined by the IRS and to give testimony and to produce the books, records, papers, and other data as specified in the summons; and

C.      The Court grant Petitioner its costs in this proceeding and such other and further relief as may be just and proper.

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division


DATED:  August 14, 2017          **/s/ Andrew T. Pribe**
                                 ANDREW T. PRIBE
                                 Assistant United States Attorney
                                 Attorneys for the United States of America

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Section 7602(a) of the Internal Revenue Code, 26 U.S.C., grants the Internal

3  Revenue Service the power to summon books, papers, records, or other data and to

4  take the testimony of any person for the purpose of ascertaining the correctness of

5  a tax return, to determine a taxpayer's tax liability, and collecting an outstanding,

6  assessed federal tax liability, as follows:

7          For the purpose of ascertaining the correctness of any return, making a

8          return where none has been made, determining the liability of any

9          person for any internal revenue tax or the liability at law or in equity

10         of any transferee or fiduciary of any person with respect of any

11         internal revenue tax, or collecting such [internal revenue tax], the

12         Secretary is authorized --

13         (1)    To examine any books, papers, records, or other data which

14         may be relevant or material to such inquiry;

15         (2)    To summon the person liable for tax or required to perform the

16         act, or any officer or employee of such person, or any person having

17         possession, custody, or care of books of account containing entries

18         relating to the business of the person liable for tax or required to

19         perform the act, or any other person the Secretary may deem proper,

20         to appear before the Secretary at a time and place named in the

21         summons and to produce such books, papers, records, or other data,

22         and to give such testimony, under oath, as may be relevant or material

23         to such inquiry; and

24         (3)    To take such testimony of the person concerned, under oath, as

25         may be relevant or material to such inquiry.

26  See also Crystal v. United States, 172 F.3d 1141, 1143-44 (9th Cir. 1999).

27      Internal Revenue Code Sections 7402(b) and 7604 grant authority to United

28  States district courts to issue orders compelling, through their powers of contempt,

3

compliance with the IRS summonses.  See also United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993).  An IRS summons is issued administratively, "but its enforcement is only by federal court authority in 'an adversary proceeding' affording the opportunity for challenge and 'complete protection to the witness.'" United States v. Church of Scientology of California, 520 F.2d 818, 821 (9th Cir. 1975) (quoting Donaldson v. United States, 400 U.S. 517, 525, 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

Because the enforcement of an IRS summons invokes the process of the court, the court will not enforce a summons if it would constitute an abuse of process.  United States v. Powell, 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964).  Such an abuse would occur if the summons was issued for an improper purpose, such as, for example, to harass the taxpayer.  Id., 379 U.S. at 58; United States v. Stuart, 489 U.S. 353, 360, 109 S. Ct. 1183, 1188, 103 L. Ed. 2d 388 (1989).  Accordingly, to obtain enforcement of an IRS summons, the government is required to make a prima facie case for enforcement of the summons.  Crystal, 172 F.3d at 1143-44; Gilleran, 992 F.2d at 233.

In order to establish a prima facie case for enforcement of an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed.  Crystal, 172 F.3d at 1143-44, citing Powell, 379 U.S. at 57-58.  The government's "burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'"  Crystal, 172 F.3d at 1144 (quoting Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985)).  Once the Government has made its prima facie case, the summoned party bears the "heavy" burden to

4

"disprove the actual existence of a valid civil tax determination or collection purpose by the Service[.]" Crystal, 172 F.3d at 1144.

Normally, the government makes the "good faith" showing of materiality and relevancy required by Powell in the petition to enforce the summons and the accompanying declarations of the issuing IRS agents.[1]  See Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

The Supreme Court explained the term relevance as used in 26 U.S.C. § 7602(a)(1):

> As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court.  Cf. Fed. Rule Evid. 401.  The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even potential relevance to an ongoing investigation without reference to its admissibility.  The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized.  As a tool of discovery, the § 7602 summons is critical to the investigation and enforcement functions of the IRS, see United States v. Powell, 379 U.S. 48, 57 (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

United States v. Arthur Young & Co., 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed. 2d 826 (1984) (emphasis in original).  Or, stated another way, might the information sought "throw light upon" the matter being investigated by the IRS.

---

[1]  IRS agents who conduct audits are referred to by the IRS as *revenue agents*. IRS agents who collect outstanding federal tax liabilities are referred to by the IRS as *revenue officers*.

See Arthur Young & Co., at 813-14 & n. 11.  If so, then the information is relevant to the IRS's investigation.

In this case, the information sought by the IRS is relevant to its efforts to collect an outstanding, assessed federal tax liability because it "might throw light" on the taxpayer's recent financial situation.  The Government notes that cases addressing the relevancy factor under Powell frequently address summonses issued for audit purposes.  See, e.g., Arthur Young & Co., 465 U.S. at 813-14; United States v. Harrington, 388 F.2d 520, 524-25 (2nd Cir., 1968).  But relevancy must be determined by the purpose of the summons.  So, what may be relevant to the collection of an outstanding, assessed federal tax liability and what be relevant to an audit of a tax return, or where no tax return has been filed, to the determination of a correct tax liability, will not necessarily be the same.  Here, because the IRS is investigating the collectability of the outstanding, assessed tax liability, information regarding the taxpayer's recent financial situation is relevant to that purpose.

"Once the Government has established its prima facie case, the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required." United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1345 (9th Cir. 1983).  The burden of proof is shifted to the person challenging the summons to "refute the Government's Powell showing of good faith to oppose successfully the enforcement of an IRS summons." Id. at 1346; see also Crystal, 172 F.3d at 1144.  "The taxpayer may challenge and attempt to rebut the prima facie case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process." Gilleran, 992 F.2d at 233; see also Crystal, 172 F.2d at 1144.  "The taxpayer, however, carries a heavy burden of convincing the district court to deny enforcement." United States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir. 1981); accord Crystal, 172 F.3d at 1144.

6

"'[S]ummons enforcement proceedings should be summary in nature and discovery should be limited.'" United States v. Derr, 968 F.2d 943, 945, (9th Cir. 1992), quoting Stuart, 489 U.S. at 369, quoting S. Rep. No. 97-494, 97th Cong. 2d Sess., vol. 1, 285 (1982); see also, Church of Scientology, 520 F.2d at 821.[2] "'The taxpayer must allege specific facts and evidence to support his allegations' of bad faith or improper purpose." Crystal, 172 F.3d at 1144 (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)) and Liberty Financial Services, 778 F.2d at 1392.  A party opposing the summons must be able to come forward with at least "a minimal amount of evidence just to entitle him or her to an evidentiary hearing." Stuckey, 646 F.2d at 1372. In this Circuit, the Court may allow limited discovery "only if the taxpayer can make a substantial preliminary showing of abuse or wrongdoing." Stuckey, 626 F.2d at 1374.[3]

---

[2]      The Fifth Circuit has discussed the procedure to be followed in summons enforcement proceedings:

> To ascertain whether there is any basis for questioning the summons, the traditional show cause order is an effective and appropriate procedural tool.  Indeed, it harmonizes procedure with the substantive principle that puts the burden on the summoned party "of showing an abuse of the court's process." Powell, (note 17, supra).  In no way does its use extinguish the adversary proceeding which the decisions call for.  Rather it is a principal means by which the enforcing Court can determine whether there is anything to "hear" and if so to give proper scope and direction to an orderly, but expeditious, adjudication of the points in controversy.

United States v. Newman, 441 F.2d 165, 169 (5th Cir. 1971).

[3] Speculative and conclusory statements are insufficient as a matter of law to quash an administrative summons.  See  United States v. Cathcart, 409 Fed. Appx. 74, 76 (9th Cir. 2010); United States v. Rose, 207 Fed. Appx. 859, 861 (9th Cir. 2006).

*Footnote continued*

1    In <u>Donaldson</u>, 400 U.S. at 528-29, the Supreme Court noted that Rule
2   81(a)(3) of the of the Federal Rules of Civil Procedure allows the Court to limit the
3   application of the federal rules in summons enforcement proceedings.  In keeping
4   with the summary nature of these proceedings, the show cause order is an
5   appropriate tool to place the burden of proof on the summoned party after the
6   government's <u>prima facie</u> case has been made.

7    If no substantial challenge to the validity of the summons is made in a sworn
8   affidavit or declaration alleging specific facts, the matter should be decided on the
9   pleadings before the district court with no further proceedings, the summons
10  should be enforced, and the IRS should be allowed to obtain the summoned
11  testimony, books, papers, records, and other data.  <u>See, e.g</u>,. <u>Liberty Financial</u>
12  <u>Services</u>, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

13   "Enforcement of a summons is generally a summary proceeding to which a
14  taxpayer has few defenses." <u>Derr</u>, 968 F.2d at 945; <u>accord</u> <u>Crystal</u>, 172 F.3d at
15  1144.  "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS
16  has issued the summons for proper purpose and in good faith, and ... the district
17  court is strictly limited to enforcing or denying IRS summonses." <u>Jose</u>, 131 F.3d at
18  1328-29.

### Conclusion

19
20   The declaration of the issuing IRS revenue officer establishes the
21  government's <u>prima facie</u> case for enforcement of the summons.  As attested to in
22  the declaration of the IRS revenue officer who issued the summons, the IRS is
23  conducting an investigation to collect the respondent's unpaid, assessed federal tax
24  liability; the information sought by the summons may be relevant to that purpose;

---

26  <u>See also</u> <u>United States v. Clarke</u>, 134 S.Ct. 2361, 2367, 189 L.Ed.2d 330
27  (2014)("Naked allegations of improper purpose are not enough" to entitle taxpayer
28  to examine IRS agent).

the IRS does not already have possession of the information sought; and the administrative steps required by the Internal Revenue Code for issuance and service of the summons were followed.  The Court should now issue an order directing Respondent to show cause why the IRS summons should not be enforced.

If Respondent fails to respond to or rebut the government's prima facie case for enforcement, then the Court should later issue an order enforcing the IRS summons and compelling Respondent to appear before an authorized representative of the IRS at a time and place to be determined by the IRS, and give testimony and produce the books, records, papers, and other data for examination and copying as required by the Internal Revenue Service summons.

Respectfully submitted,

SANDRA R. BROWN
Acting United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

DATED:  August 14, 2017          **/s/ Andrew T. Pribe**
ANDREW T. PRIBE
Assistant United States Attorney
Attorneys for the United States of America

9